### S. Littlefield *v.* James Zanone, et al.

**Bankruptcy—Effect of Discharge—State Court's Power.**

A discharge in bankruptcy granted by the district court of the United States, exonerates the person discharged from the payment of debts and the state court has no power to set aside or disregard it. If the discharge was procured by fraud, the federal court alone can give relief.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

May 3, 1876.

Opinion by Judge Lindsay:

The discharge in bankruptcy granted by the district court of the

United States to James Zanone exonerated him from the payment of all the debts theretofore owing by him to Littlefield. The state court had no power to set aside or disregard said discharge. If it was procured by fraud, Littlefield's remedy was to have it set aside by proceedings in the district court, commenced within two years after it was granted.

It is true that, notwithstanding the discharge, Zanone was still under a sufficient moral obligation to Littlefield to support any promise he might make to pay the debts owing to him, and if he had made such a promise, his wife, the present appellee, might, by proper conveyances have bound her real estate to secure its performance. But the difficulty in this case is that the record does not show any such promise upon the part of said Zanone.

The promises sued on and sought to be enforced are the promissory notes of Mary Zanone. She does not, in express terms, plead and rely on her coverture; but the petition of Littlefield shows that she was a married woman at the time he instituted his original action, and his deposition shows that she was a married woman at the time the notes were made and delivered. Such being the case, said notes were absolutely void as to Mrs. Zanone and as they were not signed by her husband, they did not, of course, bind him. Littlefield, therefore, has sued a married woman upon a void contract, and seeks to sell her real estate for the purpose of satisfying a non-enforceable claim. At the time of the institution of his action, he held no valid claim against either the wife or the husband.

If the notes sued on had, as matter of fact, been executed for the purchase price of the realty conveyed by Littlefield to Mrs. Zanone, equity would compel her either to pay the same or submit to a rescission of the contract of sale. But Littlefield shows by his own deposition that he was not at any time the owner of said realty. The conveyances first from Mrs. Zanone to him, and then from him back to her, by retaining a lien, were intended to operate as a mere security and said conveyances will be treated as in law a mortgage, executed by a married woman for the sole purpose of securing the performance of a void contract.

As Littlefield has no right to recover on the notes sued on, of course his security, which is a mere incident to said notes, cannot be made available to him for any purpose whatever. The court below, therefore, did not err in refusing to subject to the payment of said void notes the Gower property. In this view of the case we need not

inquire as to the rights of Mrs. Zanone under the act to exempt homesteads from the payment of debts.

Judgment *affirmed.*

*Bush & Hendricks, for appellant.*
*Campbell & Greer, for appellees.*